IN THE UNITED STATES DISTRICT COURT IN AND
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHELLE L. SMITH, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | C.A. No. |
| | ) | |
| SUSSEX CONSERVATION DISTRICT, | ) | |
| KIP FOSKEY, INDIVIDUALLY AND IN | ) | |
| HIS CAPACITY AS A SUPERVISOR FOR | ) | |
| SUSSEX CONSERVATION DISTRICT | ) | |
| AND DEBRA L. ABSHER, | ) | |
| INDIVIDUALLY AND IN HER | ) | |
| CAPACITYAS DISTRICT | ) | |
| COORDINATOR FOR THE SUSSEX | ) | |
| CONSERVATION DISTRICT | ) | |

Defendant.

## NOTICE OF REMOVAL

Defendants the Sussex Conservation District (hereinafter, "the District"), Kip Foskey
(hereinafter "Foskey") , and Debra L. Absher, (hereinafter "Absher"), collectively, hereinafter,
the "Defendants," by and through their undersigned counsel, hereby give notice that this matter
has been removed  pursuant to 28 U.S.C. § 1441, to the United States District Court for the
District of Delaware.  The grounds for removal are as follows:

1.      Plaintiff Michelle L. Smith ("Plaintiff") commenced this action, entitled *Michelle
L. Smith v. Sussex Conservation District, Kip Foskey, individually and in his capacity as a
supervisor for the Sussex Conservation District, and Debra L. Absher, individually and in her
capacity as District Coordinator for the Sussex Conservation District, Case No. 06C-10-039
RBY* in the Superior Court of the State of Delaware in and for Kent County.  On information and
belief, the Verified Complaint  ("Complaint") was filed on or about October 25, 2006.

2.    Defendants first obtained a copy of Plaintiff's Complaint when it was served on December 4, 2006.  A copy of the Complaint and Summons are attached as Exhibit 1.

3.    No further proceedings in this matter have been had in the Superior Court of the State of Delaware in and for Kent County.

4.    This action includes a federal claim under 42 U.S.C. § 1982 and the Fourteenth Amendment of the United States Constitution, conferring original jurisdiction upon this court of any civil action arising under the laws of the United States.

5.    Plaintiff alleges that she was discriminated against and denied equal protection based on her sex (female).

6.    To the extent Plaintiff is asserting any claims under state law, this Court has supplemental jurisdiction over said claims pursuant to 28 U.S.C. § 1367.

7.    This Notice of Removal is being filed within 30 days of the Defendants' receipt of the Complaint and is hereby timely filed uner 28 U.S.C. § 1446(b).

8.    Defendants have filed a true and correct copy of the Notice of Removal with the Superior Court of the State of Delaware in and for Kent County.  A copy of the Notice is attached hereto as Exhibit 2.

WHEREFORE, Defendants respectfully request that this action now pending against them in the Superior Court of the State of Delaware in and for Kent County, be removed therefrom to this Court and that this action be placed upon the docket of this Court for further proceedings, as though this action originally had been instituted in this Court.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Scott A. Holt, Esquire (No. 3399)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623
Facsimile: (302) 576-3299
Email:  sholt@ycst.com
Attorney for Defendants

Dated:   December 20, 2006

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | |
|---|---|
| MICHELLE L. SMITH, | C.A. No. |
| Plaintiff, | |
| v. | ARBITRATION CASE |
| SUSSEX CONSERVATION DISTRICT, | |
| KIP FOSKEY, individually, | TRIAL BY JURY DEMANDED |
| and in his capacity as | |
| a supervisor for the | |
| Sussex Conservation District, | |
| and DEBRA L. ABSHER, | |
| individually, and in her | |
| capacity as District | |
| Coordinator for the | |
| Sussex Conservation | |
| District, | |
| Defendants. | |

## COMPLAINT

1.    Plaintiff Michelle L. Smith (hereinafter "Plaintiff") is a resident of the State of Delaware, residing at 4849 Arthursville Road, Hartly, Delaware, 19953.

2.    Defendant Sussex Conservation District is a political subdivision of the State of Delaware, formed pursuant to 7 Del. C. § 3901 et. seq.  Defendant's address is 408 North Dupont Highway, Suite B, Georgetown, Delaware 19947.

3.    Defendant Kip Foskey is employed by Defendant Sussex Conservation District as a senior planner.

4.    Defendant Debra Absher is employed by Defendant Sussex Conservation District as the District Coordinator.

5.    Jurisdiction is conferred on this court by 19 Delaware Code §715.

6.    Plaintiff brings this action to redress the wrongs done to her by Defendants' discrimination against her on the basis of her sex.

7.    Plaintiff timely submitted a complaint of discrimination on the basis of sex and national origin with the Delaware Department of Labor ("DDOL") and the Equal Employment opportunity Commission ("EEOC").

8.    Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the DDOL.

9.    Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the Notice of Right to Sue.

10.    Plaintiff is a female.

11.    At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

12.    On or about June 27, 2005, Plaintiff began her employment with the Sussex Conservation District. Plaintiff had recently graduated from Delaware Valley College with a degree in Agronomy and Environmental Science.

13.    One of Plaintiff's supervisors at the Conservation District was Kip Foskey.

14.    Soon after she began her employment at Defendant Sussex Conservation District, Plaintiff noticed Foskey "leering" at her and staring at her chest.

15.    Plaintiff also observed Foskey noticeably rubbing or

"adjusting" his genitals in front of Plaintiff. Foskey repeated the aforementioned behavior in Plaintiff's presence on numerous occasions thereafter.

16.  On other occasions, Foskey would purposely "bump into" and make physical contact with Plaintiff when he was passing by her in the hallway.

17.  Foskey also made frequent unsolicited comments about Plaintiff's appearance.

18.  On August 18, 2005, Plaintiff met with Rich Kirschner to inform him of Foskey's inappropriate and sexually oriented behavior.

19.  On or about August 26, 2005 Plaintiff met with Debra Absher, the District Coordinator for the Sussex Conservation District, to discuss Foskey's aforementioned behavior. Prior to this meeting on August 26, 2005, Plaintiff had complained directly to Absher of Foskey's inappropriate and sexually oriented behavior.

20.  Rich Kirschner, another employee of the Sussex Conservation District, was also present at this meeting of August 26, 2005.

21.  Ms. Absher's response to Plaintiff's complaints at the meeting on August 26, 2005 was that "Kip was harmless" and that he "only checked girls out when he was nervous." Ms. Absher also claimed that Foskey's behavior of "groping himself" was only a nervous habit. No official action was taken against Foskey after this meeting.

22.  On September 15, 2005, Plaintiff received a letter from

Defendant Debra Absher informing Plaintiff that her employment with the Sussex Conservation District was to be "terminated effective immediately." The letter Plaintiff received gave no explanation for Plaintiff's termination.

### COUNT I

23.  Plaintiff hereby restates and incorporates by reference paragraphs 1 through 23 hereinabove.

24.  By committing the aforementioned acts, Defendant has discriminated against Plaintiff with regard to the terms and conditions of her employment and terminated her employment on the basis of her sex in violation of 19 Del. C. §710 et. seq.

25.  As a direct result of this unlawful discriminatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant Sussex Conservation District for:

(a)  Back pay, including interest;

(b)  Reinstatement if feasible, or in the alternative, front pay;

(c)  Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

(d)  Punitive damages;

(e)  Pre-judgment and post-judgment interest;

(f)  Attorney's fees; and

(g)  Any other relief that this court deems just.

## COUNT II

26.  Plaintiff hereby restates and incorporates by reference paragraphs 1 through 27 hereinabove.

27.  By committing the aforementioned acts, Defendant also violated 19 Del. C. § 710, et. seq. by retaliating against Plaintiff in response to her complaints of sexual harassment by terminating Plaintiff's employment.

28.  As a direct result of this unlawful retaliatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant Sussex Conversation District for:

(a)  Back pay, including interest;

(b)  Reinstatement if feasible, or in the alternative, front pay;

(c)  Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

(d)  Punitive damages;

(e)  Pre-judgment and post-judgment interest;

(f)  Attorney's fees; and

(g)  Any other relief that this court deems just.

## COUNT III

29.    Plaintiff hereby restates and incorporates by reference paragraphs 1 through 31 hereinabove.

30.    Defendants, acting under color of state law, have deprived Plaintiff of the rights afforded her under the United States Constitution and federal law, in violation of 42 U.S.C. §1983.  These rights include, but are not limited to, Plaintiff's rights to equal protection and due process of law pursuant to the Fourteenth Amendment of the United States Constitution.

31.    Such violations of law happened in the context of a continuing, widespread, and persistent pattern of constitutional misconduct by Defendant Foskey and Defendant Absher, employees of said Defendant Sussex Conservation District, and with deliberate indifference to or tacit authorization of Defendant Foskey's and Defendant Absher's conduct by said Defendants' policy-making officials after notice to the officials of said misconduct.

WHEREFORE, Plaintiff demands judgment against Defendant Sussex Conservation District, Defendant Kip Foskey and Defendant Debra Absher, jointly and severally, for:

(a)    Back pay, including interest;

(b)    Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(c)    Punitive damages;

(d)    Pre-judgment and post-judgment interest;

(e)  Attorney's fees;

(f)  Reinstatement; and

(g)  Any other relief that this Court deems just.

## COUNT IV

32.  Plaintiff hereby restates and incorporates by reference paragraphs 1 through 34 hereinabove.

33.  By their actions as described in this Complaint, including but not limited to, discriminating against Plaintiff and terminating Plaintiff for registering a complaint of sexual harassment, Defendant has breached the covenant of good faith and fair dealing implied under Delaware law.

34.  Defendant's actions in breaching the implied covenant of good faith and fair dealing were wilful and/or wanton.

35.  As a direct result of the wrongful conduct of Defendant and its agents, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant Sussex Conservation District:

(a)  Back pay, including interest;

(b)  Reinstatement, if feasible, or in the alternative, front pay;

(c)  Punitive damages;

(d)  Pre-judgment and post-judgment interest;

(e)  Attorney's fees; and

(f)  Any other relief that this Court deems just.

Respectfully submitted,

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
    WILLIAM D. FLETCHER, JR., ESQUIRE
    Bar ID #362

BY: _____
    NOEL E. PRIMOS, ESQUIRE
    Bar ID #3124
    414 S. State Street
    P.O. Box 497
    Dover, DE  19903-0497
    (302) 674-0140
    Attorneys for Plaintiff

DATED: 10\25\06

SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: N (K) S

CIVIL ACTION NUMBER: O6C-10-039 RBY

CIVIL CASE CODE: ____OTHR____

CIVIL CASE TYPE: ____DISCRIMINATION____
(SEE REVERSE SIDE FOR CODE AND TYPE)

| CAPTION: | NAME AND STATUS OF PARTY FILING DOCUMENT: |
|---|---|
| MICHELLE SMITH, | MICHELLE SMITH, Plaintiff |
| Plaintiff, | |
| v. | |
| SUSSEX CONSERVATION DISTRICT, KIP FOSKEY, individually, and DEBRA ABSHER, individually, | DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>Complaint and Related Pleadings |
| Defendants. | Non-Arbiration ___<br>(Certificate of Value may be required)<br><br>Arbitration _x_ Mediation ___ Neutral Assessment ___<br>DEFENDANT (CIRCLE ONE) ACCEPT REJECT<br>JURY DEMAND YES _x_ NO ___<br>TRACK ASSIGNMENT REQUESTED (CIRCLE ONE)<br>EXPEDITED (STANDARD) COMPLEX |
| ATTORNEY NAME(S):<br>William D. Fletcher, Jr.<br>ATTORNEY ID (S): 362<br>FIRM NAME:<br>SCHMITTINGER & RODRIGUEZ, P.A. | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
| ADDRESS:<br>414 SOUTH STATE STREET<br>P.O. BOX 497<br>DOVER, DE 19903-0497 | EXPLAIN THE RELATIONSHIP(S): |
| TELEPHONE NUMBER:<br>302-674-0140<br>FAX NUMBER:<br>302-674-1830<br>E-MAIL ADDRESS: | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICES UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

# Exhibit 1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | |
|---|---|
| MICHELLE L. SMITH, | C.A. No. |
| Plaintiff, | |
| v. | ARBITRATION CASE |
| SUSSEX CONSERVATION DISTRICT, KIP FOSKEY, individually, and in his capacity as a supervisor for the Sussex Conservation District, and DEBRA L. ABSHER, individually, and in her capacity as District Coordinator for the Sussex Conservation District, | TRIAL BY JURY DEMANDED |
| Defendants. | |

*served 12-4-06*

## PRAECIPE

TO:   PROTHONOTARY
      Kent County Courthouse
      The Green
      Dover, DE 19901

Please docket the attached Complaint and Related Pleadings and issue Summons to the Sheriff of Sussex County to serve the same and copies of the attached Complaint and Related Pleadings, upon the following Defendants:

1.    Defendant Sussex Conservation District by serving it's registered agent at 408 North Dupont Highway, Suite B, Georgetown, Delaware 19947;

2.    Defendant Kip Foskey by serving him at his place of work, Sussex Conservation District, 408 North Dupont Highway, Suite B, Delaware 19947;

3.    Defendant Debra Asher by serving her at her place of work, Sussex Conservation District, 408 North Dupont Highway,

Suite B, Delaware 19947.

Enclosed is payment of costs for this matter.

SCHMITTINGER & RODRIGUEZ, P.A.

BY

WILLIAM D. FLETCHER, JR.
Bar ID #362
414 S. State Street
P.O. Box 497
Dover, DE 19903-0497
Attorneys for Plaintiff

DATED: 10/25/06
/clg

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

MICHELLE L. SMITH,

      Plaintiff,

   v.

SUSSEX CONSERVATION DISTRICT,
KIP FOSKEY, individually,
and in his capacity as
a supervisor for the
Sussex Conservation District,
and DEBRA L. ABSHER,
individually, and in her
capacity as District
Coordinator for the
Sussex Conservation
District,

      Defendants.

C.A. No. 06C-10-039 RBY

ARBITRATION CASE

TRIAL BY JURY DEMANDED

**SUMMONS**

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF SUSSEX COUNTY**
**YOU ARE COMMANDED:**

    To summon the above named defendant, **Debra Absher,** so that within 20 days after service hereof up Defendant, exclusive of the day of service, Defendant shall serve upon William D. Fletcher, Jr., Esquire, Plaintiff's attorney, whose address is 414 S. State Street, Dover, DE 19901), an answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon Defendant, a copy hereof and of the Complaint (and of the affidavit of demand if any has been filed by Plaintiff).

Dated: 10-31-06

                          Lisa M. Robinson
                          Prothonotary

                          Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**
In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an Answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the Complaint (or in the affidavit of demand, if any).

                          Lisa M. Robinson
                          Prothonotary

                          Per Deputy

Exhibit 2

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| MICHELLE L. SMITH, | ) | C.A. No. 06c-10-039-RBY |
| | ) | |
| Plaintiff, | ) | Arbitration Case |
| | ) | |
| v. | ) | |
| | ) | |
| SUSSEX C0NSERVATION DISTRICT, | ) | TRIAL BY JURY DEMANDED |
| KIP FOSKEY, individually, | ) | |
| and in his capacity as | ) | |
| a supervisor for the | ) | |
| Sussex Conservation District, | ) | |
| and DEBRA L. ABSHER, | ) | |
| individually, and in her | ) | |
| capacity as District | ) | |
| Coordinator for the | ) | |
| Sussex Conservation | ) | |
| District, | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF REMOVAL

TO: PROTHONOTARY
Kent County Courthouse
The Green
Dover, DE 19901

PLEASE TAKE NOTICE that Defendants Sussex Conservation District, Kip Foskey and

Debra L. Absher, have removed the captioned case to the United States District Court for the

District of Delaware. A copy of the Notice of Removal filed with the United States District

Court on December 20, 2006 is attached as Exhibit A. Service of this Notice effects removal;

the federal statute requires that the State Court proceed no further unless and until the case is

remanded. 28 U.S.C. § 1446(d); Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230,

1238 (4th Cir. 1994) ("Thus the clear language of the general removal statute provides that the

state court loses jurisdiction upon the filing of the petition of removal.").

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Scott A. Holt, Esquire (No. 3399)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623
Facsimile: (302) 576-3299
Email:  sholt@ycst.com
Attorney for Defendants

Dated:   December 20, 2006

<u>CERTIFICATE OF SERVICE</u>

I, Scott A. Holt, Esquire, hereby certify that on December 20, 2006, I caused two paper

copies of the **Notice of Removal** and this certificate of service to be delivered via U.S. Mail to:

William D. Fletcher, Esquire
Schmittinger & Rodriguez, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19903-0497

_____
Scott A. Holt, Esquire (No. 3399)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michelle L. Smith

## DEFENDANTS
Sussex Conservation District, Kip Foskey, individually and in his official capacity and Debra L. Absher, individually and in her official capacity

**(b)** County of Residence of First Listed Plaintiff     Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     Sussex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William D. Fletcher, Jr. Schmittinger & Rodriguez, P.A., 414 South State Street, P.O. Box 497, Dover, DE 19903-0497, (302) 674-1830

Attorneys (If Known)
Scott A. Holt, Young Conaway Stargatt & Taylor, LLP, 1000 West Street 17th Floor, P.O. Box 391, Wilmington, DE 19801, (302) 571-6623

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

x☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | x☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

X 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 U.S.C. §1983

Brief description of cause:     Sex Discrimination; Equal Protection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    x Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):     JUDGE _____     DOCKET NUMBER _____

DATE   12/2-/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ___ 0 6 - 7 7 6 ___

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___ 4 ___ COPIES OF AO FORM 85.

DEC 2 0 2006
_____        _____
(Date forms issued)                (Signature of Party or their Representative)

FRANK JOYCE / PARCELS, INC.
_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action