IN THE UNITED STATES DISTRICT COURT IN AND
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELLE L. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 06-776 |
| | ) |
| SUSSEX CONSERVATION DISTRICT, | ) |
| KIP FOSKEY, INDIVIDUALLY AND IN | ) |
| HIS CAPACITY AS A SUPERVISOR FOR | ) |
| SUSSEX CONSERVATION DISTRICT | ) |
| AND DEBRA L. ABSHER, | ) |
| INDIVIDUALLY AND IN HER | ) |
| CAPACITYAS DISTRICT | ) |
| COORDINATOR FOR THE SUSSEX | ) |
| CONSERVATION DISTRICT, | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Defendants Sussex Conservation District, Kip Foskey, and Debra L. Absher, by and through their undersigned counsel, hereby answer Plaintiff's Complaint as follows:

1. Defendants are without knowledge sufficient to form a belief as to truth or falsity of the allegation in this Paragraph and therefore it is denied.

2. Admitted, except that Sussex Conservation District's address is 21315 Berlin Road, Unit 4, Georgetown, Delaware.

3. Admitted, except Mr. Foskey's job title is Program Manager for the Agricultural Conservation Program.

4. Admitted.

5. The allegation in this Paragraph state legal conclusions requiring no response. To the extent a response is required, denied.

6. Defendants admit Plaintiff seeks relief for alleged sex discrimination. It is specifically denied that Defendants engaged in any form of unlawful discrimination or that Plaintiff is entitled to any relief.

7. Admitted that Plaintiff filed a charge of discrimination with the Delaware Department of Labor (DDOL) and the Equal Employment Opportunity Commission (EEOC) alleging discrimination based on her sex. The remainder of the allegation is denied.

8. Admitted.

9. Defendants are without knowledge sufficient to form a belief as to truth or falsity of the allegation in this Paragraph and therefore it is denied.

10. Admitted.

11. Denied.

12. Admitted that Plaintiff began employment on or around June 27, 2005. Defendants are without knowledge sufficient to form a belief as to truth or falsity of the remainder of the allegation and therefore it is denied.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted that Plaintiff met with Richard Kirschner on August 18, 2005 to discuss Mr. Foskey. The remainder of the allegation is denied.

19. Admitted that Plaintiff met with Debra Absher and Richard Kirschner on August 26, 2006 to discuss Mr. Foskey. Admitted also that Plaintiff had discussed Mr. Foskey with Ms. Absher in mid-July, and that she had specifically asked Ms. Absher not to take any action or speak with Mr. Foskey. The remainder of the allegation is denied.

20. Admitted.

21. Denied, except it is admitted that Ms. Absher stated that Mr. Foskey's habit of brushing the front of his pants was a nervous habit and that he was harmless. The remainder of the allegation is denied.

22. Admitted that the Plaintiff's employment was terminated on September 15. By way of further answer, Plaintiff was terminated during her 90 day probationary period, and had not performed in a satisfactory manner during this period.

### COUNT I

23. Defendants incorporate the preceding answers as if stated fully herein.
24. Denied.
25. Denied.

### COUNT II

26. Defendants incorporate the preceding answers as if stated fully herein.
27. Denied.
28. Denied.

### COUNT III

29. Defendants incorporate the preceding answers as if stated fully herein.
30. Denied.
31. Denied.

### COUNT IV

32. Defendants incorporate the preceding answers as if stated fully herein.
33. Denied.
34. Denied.
35. Denied.

## AFFIRMATIVE DEFENSES

A. The Complaint fails to state a claim upon which relief can be granted.

B. Defendants' actions were taken for legitimate business reasons that were non-discriminatory.

C. Plaintiff has failed to mitigate her damages.

D. Plaintiff's claims are barred in whole or part by failing to exhaust her administrative remedies and / or the applicable statute of limitations.

E. Plaintiff failed to act with reasonable care to take advantage of the preventive and corrective opportunities provided by Defendants regarding alleged unlawful workplace discrimination and/or harassment and to otherwise prevent harm that could have been avoided.

F. The individual defendants are entitled to qualified immunity.

G. The actions and conduct of the Defendants do not rise to the level of a constitutional or statutory violation and, therefore, Plaintiff did not suffer any infringement of her constitutional rights or rights secured by a federal statute.

H. Plaintiff is not entitled to punitive damages.

WHEREFORE, Defendants respectfully request that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/   Scott A. Holt
Scott A. Holt, Esquire (No. 3399)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623
Facsimile: (302) 576-3299
Email:  sholt@ycst.com

Attorneys for Defendants

Dated:   December 27, 2006